IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RAYMOND CHARLES SCHAVEY,<br><br>                 Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                 Respondent. | MEMORANDUM DECISION AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY<br><br>Civil Case No. 2:17-CV-379 TS<br>Criminal Case No. 2:16-CR-63 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. For the reasons discussed below, the Court will deny the Motion and dismiss this case.

I. BACKGROUND

On February 8, 2016, Petitioner was charged with being a felon in possession of a firearm and ammunition, possession of a stolen firearm, possession of methamphetamine, possession of unauthorized access devices, aggravated identity theft, and bank fraud. On August 22, 2016, Petitioner pleaded guilty to being a felon in possession of a firearm and aggravated identity theft.

A Presentence Report was prepared prior to sentencing. The Presentence Report placed Petitioner's base offense level at a 20 because Petitioner committed the offense after sustaining a felony conviction of a crime of violence.[1] Petitioner also received a four-level enhancement for

---

[1] United States Sentencing Guidelines ("USSG") § 2K2.1(a)(4). The 2015 Guidelines Manual was used to prepare Petitioner's Presentence Report.

possessing the firearm in connection with another felony offense.[2]  After receiving an appropriate reduction for acceptance of responsibility, Petitioner had a total offense level of 23.  With a criminal history category of VI, Petitioner faced a guideline range of 92 to 115 months.  Petitioner's aggravated assault conviction carried a two-year term, which was required to run consecutively.[3]

On December 5, 2016, Petitioner was sentenced to 101 months in the custody of the Bureau of Prisons.  Judgment was entered on December 7, 2016.  Petitioner did not file a direct appeal.  Petitioner timely filed the instant Motion on May 8, 2017.  After receiving the government's response, Petitioner filed a reply and a supplement on July 10, 2017.

## II.  DISCUSSION

Petitioner's Motion, as supplemented, raises five claims of ineffective assistance of counsel.  First, Petitioner argues that his counsel was ineffective in failing to object to the four-level enhancement for possessing the firearm in connection with another felony offense.  Second, Petitioner argues that counsel was ineffective in failing to contest Petitioner's base offense level.  Third, Petitioner argues that counsel was ineffective in failing to argue for a lower sentence.[4]  Fourth, Petitioner states that counsel was deficient in failing to challenge the evidence in his

---

[2] USSG § 2K2.1(b)(6)(B).  Petitioner also received a two-level enhancement because the firearm was stolen.  *See* USSG § 2K2.1(b)(4)(A).  Petitioner does not challenge that enhancement here.

[3] 18 U.S.C. § 1028A(a)(1).

[4] In his original Petition, this argument is divided into two claims.  The Court has combined these claims since they are so closely related.  To the extent Petitioner is raising a claim that his sentence is unconstitutional, that claim is barred by Petitioner's failure to raise it on appeal.  *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) ("Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal.").

case. Finally, Petitioner argues that counsel was ineffective for failing to consult with him about the filing of an appeal.

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffective assistance of counsel. "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[5] To establish prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[6]

A court is to review Petitioner's ineffective-assistance-of-counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[7] In addition, in evaluating counsel's performance, the focus is not on what is prudent or appropriate, but only what is constitutionally compelled.[8] Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[9]

First, Petitioner argues that counsel was ineffective in failing to object to the four-level enhancement for possessing the firearm in connection with another felony offense. The Presentence Report contained the four-level enhancement and specifically noted that Petitioner possessed methamphetamine.

---

[5] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 690 (1984)).

[6] *Strickland*, 466 U.S. at 694.

[7] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[8] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[9] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000).

Sentencing Guideline § 2K2.1(b)(6)(B) calls for a four-level enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." "Another felony offense" is defined as "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained."[10]

Petitioner argues that the enhancement was not properly applied because he did not plead guilty to possession of methamphetamine and was only charged with a misdemeanor. However, as stated, the enhancement applies "regardless of whether a criminal charge was brought, or a conviction obtained." Thus, the fact that Petitioner was not charged with nor pleaded guilty to a felony charge is not dispositive. Petitioner also argues that simple possession is a misdemeanor, not a felony. Even accepting this as true, the enhancement was still properly applied. The Presentence Report makes clear that Petitioner possessed the firearm in connection with a host of other felony offenses, not just possession of methamphetamine. Thus, even if Petitioner's possession of methamphetamine was not a felony under federal or Utah law, counsel was not deficient in failing to object to this enhancement.

Second, Petitioner argues that counsel was ineffective in failing to contest Petitioner's base offense level. As stated, the Presentence Report placed Petitioner's base offense level at a 20 because Petitioner committed the offense after sustaining a felony conviction of a crime of violence.[11] Petitioner has a prior Nevada conviction for attempted robbery.[12] Such a conviction

---
[10] USSG § 2K2.1, Application Note 14(C).
[11] USSG § 2K2.1(a)(4).

constitutes a crime of violence under the Guidelines.[13] Thus, counsel was not ineffective in failing to challenge Petitioner's base offense level.

Petitioner also argues that his prior conviction of attempted robbery is too vague a crime to count as a crime of violence under the Sentencing Guidelines. Petitioner appears to be asserting a claim under *Johnson v. United States*.[14] The Supreme Court in *Johnson* invalidated the residual clause of the Armed Career Criminal Act ("ACCA"). The definition of a "crime of violence" under the Sentencing Guidelines in effect at the time of Petitioner's sentencing was similar to the offending definition of "violent felony" under the ACCA. However, the Supreme Court in *Beckles v. United States* held that the sentencing guidelines are not subject to vagueness challenges under the Due Process Clause.[15] Thus, Petitioner's vagueness argument fails.

Third, Petitioner argues that his counsel was ineffective for failing to argue for a lesser sentence. Petitioner notes that his plea agreement contained an agreement that the government would recommend a sentence within the guideline range as determined by the Court. Petitioner argues that, had he received a lower offense level, he would have received a lesser sentence. Petitioner's argument is contingent on his other arguments, which the Court has rejected above. Petitioner's guideline range was correctly calculated. Therefore, counsel's performance was not deficient.

---

[12] Petitioner argues that the Presentence Report incorrectly stated that his conviction was for attempted armed robbery. This error, to the extent it exists, does not alter the Court's analysis.

[13] *United States v. Montiel-Cortes*, 849 F.3d 221, 226–29 (5th Cir. 2017) (finding Nevada's robbery statute categorically a crime of violence); *United States v. Harris*, 572 F.3d 1065, 1066 (9th Cir. 2009) (same).

[14] 576 U.S. ---, 135 S. Ct. 2551 (2015).

[15] ---U.S.---, 137 S.Ct. 886, at 892–95 (2017).

Petitioner's fourth claim alleges that counsel was ineffective for failing to challenge the evidence in his case. Petitioner argues that counsel should have challenged Petitioner's detention and the admissibility of certain evidence. However, Petitioner fails to explain what evidence should have been challenged or how the outcome of his case would have been different had counsel made such a challenge. As a result, this claim fails.

Finally, Petitioner argues that his counsel was ineffective in failing to consult with him about filing an appeal. The Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."[16] Here, Petitioner does not contend that he directed his counsel to file an appeal. Rather, Petitioner complains that his counsel did not explain how to file an appeal or to find out whether Petitioner wished to appeal.

In the case of a defendant who does not instruct counsel to file an appeal, the Court must first ask "whether counsel in fact consulted with the defendant about an appeal."[17] Petitioner states that counsel failed to engage in such a consultation. Accepting Petitioner's contention as true, the Court must next ask "whether counsel's failure to consult with the defendant itself constitutes deficient performance."[18] While consultation is always "the better practice," the Supreme Court had declined to impose "a bright-line rule that counsel must always consult with the defendant regarding an appeal."[19] Instead, the Court has held

---

[16] *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Conversely, "a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Id.*

[17] *Id.* at 478.

[18] *Id.*

[19] *Id.* at 480.

that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.[20]

In making this determination, the Court "must take into account all the information counsel knew or should have known."[21] "[A] highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings."[22] In cases where a defendant pleads guilty, "the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights."[23] Further, "a sentencing court's clear explanation of appeal rights to a defendant may substitute for counsel's failure to consult about an appeal."[24]

Considering this information, the Court cannot find that counsel's performance was deficient, even accepting Petitioner's claim that counsel did not consult with Petitioner about filing an appeal. First, Petitioner's case was resolved by a plea. Petitioner's plea reduced the scope of appealable issues and indicated his desire to end his case. Second, Petitioner's plea

---

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *United States v. Parker*, 720 F.3d 781, 785 n.3 (10th Cir. 2013); *see also Flores-Ortega*, 528 U.S. at 479–80 ("Or, for example, suppose a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult. In some cases, counsel might then reasonably decide that he need not repeat that information. We therefore reject a bright-line rule that counsel must always consult with the defendant regarding an appeal.").

7

agreement contained a broad wavier of his right to appeal. Third, Petitioner received a sentence within the guideline range determined by the Court, as agreed to by the government in the plea agreement. Fourth, Petitioner has failed to point to any nonfrivolous grounds for an appeal. Presumably, Petitioner would have sought to appeal those issues raised in the instant Motion. For the reasons discussed above, those claims fail. Fifth, the Court explained Petitioner's appeal rights at sentencing. Specifically, the Court fully explained that Petitioner had the right to appeal, that counsel could be appointed to pursue that appeal, that he could appeal *in forma pauperis*,[25] and that, if requested, the Clerk of the Court could file on appeal on his behalf. Based upon these factors, the Court finds that counsel's alleged failure to consult with Petitioner was not constitutionally deficient.

Even if counsel's performance was deficient, Petitioner must show prejudice. "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed."[26] Nowhere in his original Motion or his supplement does Petitioner state that he would have timely appealed but for counsel's failure to consult with him. Therefore, he has not demonstrated prejudice.

---

[25] Petitioner contends that the Court ordered counsel to explain Petitioner's appeal rights. However, the Court merely stated that counsel could explain what it meant to file an appeal *in forma pauperis*.

[26] *Flores-Ortega*, 528 U.S. at 484.

## III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion for Extension of Time and Motion to Amend of Add Supplement (Docket Nos. 6 and 7) are GRANTED.  It is further

ORDERED that Petitioner's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Docket No. 1 in Case No. 2:17-CV-379 TS) is DENIED.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.  It is further

ORDERED that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

DATED this 15th day of August, 2017.

BY THE COURT:

Ted Stewart
United States District Judge